# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ERICA KENADIE COBBIN-RICHARDSON,

Plaintiff,

v.

WORKFORCE CONNECTIONS, SOUTHERN NEVADA'S LOCAL WORKFORCE DEVELOPMENT BOARD,

Defendant.

Case No. 2:20-cv-02278-JCM-NJK

**ORDER**

[Docket No. 20]

Pending before the Court is the parties' stipulation to extend discovery deadlines. Docket No. 20. The parties request a 90-day extension of discovery deadlines. *Id.* at 2–3.

A request to extend deadlines in the Court's scheduling order must be supported by a showing of good cause for the extension. LR 26-3; *see also Johnson v. Mammoth Recreations, Inc.,* 975 F.2d at 608–09.[1] The "good cause" inquiry focuses mostly on the movant's diligence. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000). Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. While prejudice to the opposing party may also be considered, when the movant "fail[s] to show diligence, 'the inquiry should end.'" *Coleman*, 232 F.3d at 1295 (quoting *Johnson*, 975 F.2d at 609). Further, to seek an extension of an expired discovery deadline, a movant must make "a showing of good cause" and "demonstrate that the failure to act [before the deadline expired] was the result of excusable neglect." LR 26-3. The Court has broad discretion in supervising pretrial litigation. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

---

[1] The "good cause" standard in Local Rule 26-3 is the same as the standard governing modification of the scheduling order under Fed. R. Civ. P. 16(b).

1

The parties submit that good cause exists to grant the requested extension because they "have spent significant time attempting to agree on the terms for a stipulated protective order[.]" Docket No. 20 at 2. The parties further submit that they "did not want to engage in more time-consuming and cost-intensive forms of discovery until after the Early Neutral Evaluation . . . has been completed." *Id.* at 2. The Court is not persuaded that the parties require three months to finalize a stipulated protective order. Further, parties may not unilaterally stay discovery pending settlement discussions. *See Zaic v. Giddens*, 2017 WL 2259766, at *1 (D. Nev. May 23, 2017) (finding parties are "not entitled to unilaterally stay discovery without an order from the court"); *see also Corbett v. Pub. Ret. Sys. ex rel. Nevada*, 2021 WL 297564, at *1 (D. Nev. Jan. 28, 2021) (quoting *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997)) ("Discovery should proceed absent a 'strong showing' to the contrary"). In addition, the deadlines for amending pleadings/adding parties and disclosing initial experts expired on April 12, 2021 and May 12, 2021, respectively. *See* Docket No. 12. The parties, however, fail to address, let alone demonstrate, whether excusable neglect exists to extend these deadlines. *See* LR 26-3.

Accordingly, the parties' stipulation, Docket No. 20, is hereby **DENIED** without prejudice

IT IS SO ORDERED.

Dated: May 18, 2021

Nancy J. Koppe
United States Magistrate Judge

2